IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR7 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOHN E. RYAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following: the Plaintiff's motion to destroy weapons (Filing No. 60); the Defendant's objection to the Plaintiff's motion to destroy weapons (Filing No. 63); and the Defendant's motion for return of seized property and supporting brief (Filing Nos. 61, 62).

## FACTUAL BACKGROUND

On or about January 10, 2003, firearms were seized from the Defendant's residence by North Platte, Nebraska, police officers. (Filing No. 61.) On January 23, 2003, the Defendant, John E. Ryan, was charged in an Indictment with the following: manufacturing and attempting to manufacture 50 grams or more of methamphetamine (Count I);[1] using, carrying, and possessing 11 firearms during and in relation to the drug trafficking crime charged in Count I (Count II). (Filing No. 1.)

On January 12, 2004, the Defendant was found not competent to stand trial and was ordered to undergo treatment. (Filing No. 44.) Eventually, the Defendant's commitment for treatment was terminated. (Filing No. 54.) The Defendant's motion to dismiss the case was granted, and the case was dismissed with prejudice. (Filing Nos. 58, 59.)

---

[1] Count I charges that the crime was in violation of 21 U.S.C. § 846; however, the narrative portion of Count I does not appear to charge a conspiracy.

The government moves to destroy a total of 13 firearms[2] that are now possessed by the North Platte police department. (Filing No. 60.) The Defendant objects, arguing that the firearms were all obtained pursuant to Federal Rule of Criminal Procedure 41, the Indictment based in part on the weapons was dismissed with prejudice, and the government has not sought civil or criminal forfeiture of the weapons. (Filing No. 63.) The Defendant also moves for return of the weapons pursuant to Federal Rule of Criminal Procedure 41(g).[3] The Defendant acknowledges that he lacks a possessory interest in the firearms. (Filing No. 62, at 2 (citing 18 U.S.C. § 922(g)(4) and 27 C.F.R. § 478.11).) However, the Defendant asserts a property interest in the firearms. (Filing No. 61, at 2; Filing No. 62, at 2.) The Defendant seeks to enforce his alleged property interest in the firearms by transferring ownership and possession of the firearms to either a nonprohibited person or an authorized dealer for resale. (Filing No. 61.)

The government, which has not followed civil or criminal forfeiture proceedings, filed a motion to destroy the 13 weapons listed. The motion, which cites no legal authority,[4] requests an order directing North Platte police officers to destroy the weapons. (Filing No. 60.)

---

[2] The firearms listed as items "K" and "L" in the government's motion are not listed in the Indictment. Also, the serial number in the firearm listed as item "C" almost, but not quite, matches the serial number of the firearm listed as "8" in the Indictment.

[3] Rule 41(g) was formerly codified as Federal Rule of Criminal Procedure 41(e).

[4] The Court notes that 18 U.S.C. § 3665 (firearms possessed by convicted felons) does not allow for forfeiture pursuant to this section post-judgment. *United States v. Posey,.* 217 F.3d 282, 284 (5th Cir. 2000).

## DISCUSSION

The Court will order detailed briefing from each party prior to determining whether an evidentiary hearing is necessary.[5] Issues of particular concern to the Court include:

- the discrepancy between the firearms listed in the Indictment and in the government's motion to destroy weapons and the effect of the discrepancy on further proceedings;

- whether the Court shall proceed under equitable jurisdiction, see Mora v. United States, 955 F.2d 156, 158 (2d Cir.1992);

- the Court's authority to order the United States' requested relief when the firearms are not in the United States' possession, but rather are in the possession of the North Platte police department, see Almon v. United States, 302 F. Supp. 2d 575, 591 (D.S.C. 2004);

- the precise legal authority under which the government requests leave to destroy the weapons;

- the effect, if any, of the lack of the government's institution of civil or criminal forfeiture proceedings;

- whether an order that the weapons be delivered to a nonprohibited person or an authorized dealer for resale results in constructive possession by the Defendant, see United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000);

- if delivery of the weapons to a nonprohibited person or an authorized dealer for resale results in the Defendant's constructive possession, what is the

---

[5] While the Court is aware that an evidentiary hearing must be held if disputed facts exist, United States v. Dean, 100 F.3d 19, 21 (5th Cir. 1996), other issues present in this case might result in a ruling absent a hearing.

      effect on these proceedings, including the need for an evidentiary hearing, *see United States v. Willson,* 8 Fed. Appx. 593, 595 (8th Cir. 2001); and

- whether the Court may order monetary relief, particularly if it exercises equitable jurisdiction, *see United States v. Albinson,* 356 F.3d 278, 281 (3d Cir. 2004) (recognizing a circuit split on the issue of monetary relief); *Okoro v. Callaghan,* 324 F.3d 488, 491 (7th Cir. 2003).

The briefing schedule is set out below. The parties shall address the issues stated above as well as any other pertinent issues. Should the parties settle this matter, they shall notify the Court by filing an appropriate pleading.

IT IS ORDERED:

1. The Plaintiff's brief shall be filed on or before February 16, 2006;

2. The Defendant's brief shall be filed on or before March 2, 2006; and

3. The Plaintiff may file a responsive brief on or before March 9, 2006;

DATED this 1st day of February, 2006.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge